Per Curiam.

A proceeding of unlawful detainer was instituted by the defendant in error before a justice of the peace of Hinds county, to recover possession of a piece or lot of land in the City of Jackson. The cause was submitted to a jury, which appears to have been brought before the justice, who rendered a verdict for the plaintiff below. There was but one justice who appears to have presided at the trial. An appeal was taken to the circuit court, and a verdict there obtained by the plaintiff and a judgment and *637 award, of the writ of habere, facias possession. After the writ was issued, the defendant in consideration that tho plaintiff would stay the execution for a certain time, signed and sealed and delivered to the plaintiff a release of errors ih the judgment, and this release is pleaded in bar of the assignment of errors in this court,' and the demurrer filed to the plea presents for our consideration the simple question whether the plea be a valid one.
This question has been so repeatedly decided that it is only necessary to refer to the authorities upon the subject for the-.reasons of the opinion of the court in the present ease. 2 Tidd’s Pr. 1170, ’72, ’74, and the. authorities there cited; It is surely-as competent to a party against whom a judgment has been rendered to release his right to prosecute a writ of error, as to surrender any other cause of action which he may possess. The consideration for the release in this case was the forbearance of the plaintiff to execute the writ of habere facias possession, and this was a valuable consideration, as much so as forbearance to sue has been held to be a good consideration-to support a promise'founded thereon.
The demurrer to the -plea must therefore be overruled, and the judgment of the court below affirmed.